UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER LYNN HOLSO HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 20cv2517-BLM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF NO. 3]** |

The instant matter was initiated on December 29, 2020 when Plaintiff filed a complaint "to seek judicial review of the Commissioner's decision and [to] request[] that this court reverse that decision, or in the alternative, to remand this matter for a new hearing on the following grounds." ECF No. 1 at 2. That same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. 3. Having reviewed the complaint and motion, the Court finds that Plaintiff's complaint does not sufficiently state a claim for relief. Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **GRANTED**, and the complaint is **DISMISSED WITH LEAVE TO AMEND**.

**Application to Proceed in District Court without Prepaying Fees or Costs**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C.

§ 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").  It is well-settled that a party need not be completely destitute to proceed IFP.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339.  At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.  See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the filing fee).  Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied her burden of demonstrating that she is entitled to IFP status.  Plaintiff is self-employed and her total monthly income is $600-800 per month. ECF No. 3 at 1.

Plaintiff does not receive unemployment payments, disability, or any other type of public assistance such as welfare. Id. at 2. Plaintiff states that she receives rent from her tenant in the amount of $1,000 per month and that she received a one-time gift of $1,200. Id. Plaintiff also states that she owns a 2007 Toyota Tacoma and that she has $12.00 in cash. Id. at 2-3. In support of her application, Plaintiff states that she has monthly expenses of $1700 including: $800 per month in rent or home-mortgage payments, $200 per month in utilities, $250 per month in food purchases, and $450 per month in vehicle payments. Id. at 4. Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)**

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Instead, the plaintiff must state a claim that is plausible on its face, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal,

556 U.S. at 679. Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL 890922 at *2). With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong."). Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

After reviewing the complaint, the Court finds that Plaintiff failed to state facts sufficient to state a claim for relief. Plaintiff alleges "[t]here is no substantial medical or vocational evidence" to support the ALJ's conclusions; "[t]here is no substantial evidence . . . to support the Commissioner's finding that plaintiff could perform any substantial gainful activity;" the evidence can only support a finding of disability; and that "[n]ew and material evidence for which good cause exists for failure to submit earlier exists and warrants a remand." ECF No. 1 at 2-3. The complaint does not "state the nature of the plaintiff's disability and when the plaintiff claims she became disabled." Skylar v. Saul, 2019 WL 4039650. The complaint also lacks "a

4

20cv2517-BLM

plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration." Id. Plaintiff states that the ALJ's decision was not supported by medical or vocational evidence and that there is new and material evidence that warrants remand of this matter, but no specific facts.  ECF No. 1 at 2-3.  Accordingly, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.[1]

**IT IS SO ORDERED**.

Dated:  12/30/2020

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] The Court notes that Plaintiff's counsel's firm has received several dismissals in other cases for the same issue and has been "strongly urged" numerous times "to reconsider using form complaints, which fail to comply with Rule 8 and the IFP statute and waste the Court's resources." Castro v. Saul, S.D. Ca. No. 20cv54-BEN(BLM); Irizarry v. Berryhill, S.D. Cal. No. 19cv476-AJB(NLS); see also Williams v. Berryhill, S.D. Cal. No. 18cv2678-AJB(BLM); Maye v. Berryhill, S.D. Cal. No. 19cv110-AJB(WVG); and Copenhaver v. Berryhill, S.D. Cal. No. 18cv790-AJB(MDD).